IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN K. CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-202-HE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the Commissioner's decision be reversed, and the matter be remanded.

**I. PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits on May 15 2003, alleging a disability onset date of May 20, 2002. Tr. 56-58. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 34, 35, 38-40, 44-45. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on April 27, 2005. Tr. 46, 440-67. Plaintiff appeared in person with an attorney, and offered testimony in support of her application. Tr. 442-58, 462-64.

At the request of the administrative law judge, a vocational expert also appeared and testified. Tr. 52-55, 458-62, 464-67. The administrative law judge issued a partially favorable decision on July 29, 2005, finding that Plaintiff was entitled to disability benefits for a closed period. Tr. 18-20, 22-32. The Appeals Council denied Plaintiff's request for review on January 17, 2007, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-7.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams, 844 F.2d at 751 and n.2. If the claimant successfully carries her burden, the burden shifts to the

Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience.  Id. at 751.

### III.  THE ADMINISTRATIVE LAW JUDGE'S DECISION

In considering whether Plaintiff was disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520.  Tr. 23.  She first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date.  Tr. 24, 30.  At steps two and three, the administrative law judge found the medical evidence indicated Plaintiff suffers from status post L5-S1 laminotomy and discectomy with residual lumbar radiculopathy and status post resection of pseudomeningiocele, and that her impairments were severe but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 24, 30.  At the fourth step of the sequential evaluation process, the administrative law judge found that from May 20, 2002, through September 5, 2003, Plaintiff had the residual functional capacity to perform less than sedentary work, and was unable to perform any of her past relevant work.  Tr. 27, 30. Considering Plaintiff's age, education, and experience, the administrative law judge concluded that there were no jobs existing in significant numbers that Plaintiff could perform, and thus, she was "disabled" from May 20, 2002, through September 5, 2003. Tr. 27, 30-31.  The administrative law judge further found that as of September 5, 2003, Plaintiff retained the residual functional capacity to perform a wide range of sedentary work, diminished by significant nonexertional limitations.  Tr. 28, 31.  The

administrative law judge then found that although Plaintiff is unable to perform her past relevant work, she is capable of making an adjustment to work that exists in the national economy. Tr. 28-31. Accordingly, the administrative law judge concluded that Plaintiff's disability ceased September 5, 2003.[1] Tr. 32. Therefore, she issued a partially favorable decision awarding disability insurance benefits to Plaintiff for a closed period. Tr. 32.

## IV. DISCUSSION

As her sole argument on appeal, Plaintiff contends that the administrative law judge committed legal error in weighing an opinion of her treating physician, Dr. Bouvette. Plaintiff's Opening Brief, p. 13. Specifically, Dr. Bouvette opined Plaintiff should be limited to working no more than four hours per day with additional exertional limitations, and "must have a part time sitting job of 30 minutes per hour, and must then lie or stand for 10 minutes." Tr. 15. Plaintiff contends the administrative law judge improperly rejected Dr. Bouvette's opinion without giving any reasons for doing so. Id. at 16. She also complains the administrative law judge committed legal error by failing to consider whether Dr. Bouvette's opinion was entitled to controlling weight, and in failing to give the opinion controlling weight. Id. at 20. Moreover, Plaintiff argues the administrative law judge committed legal error by failing to consider what weight to give Dr. Bouvette's opinion if it was not entitled to controlling weight, and that had she done so, she would have concluded that the opinion was at least entitled to substantial weight. Id. at 20-22.

---

[1] The administrative law judge's separate findings stated that Plaintiff's disability ceased on November 30, 2003. Tr. 32. This appears to be a clerical error as in the remainder of the decision, the administrative law judge consistently refers to September 5, 2003, as the date on which medical improvement occurred. Tr. 26-28, 30-32.

4

Rather candidly, the Commissioner acknowledges that the administrative law judge did not explicitly weigh and reject Dr. Bouvette's opinion. Response Brief, p. 6. Nevertheless, the Commissioner contends that the decision should be affirmed because the decision implicitly shows that the administrative law judge gave Dr. Bouvette's opinion little weight. Id. at 6. The Commissioner then proceeds to discuss evidence in the medical record that he contends undermines Dr. Bouvette's conclusion. Id. at 7. The Commissioner concedes that the administrative law judge could have "more meticulously" weighed Dr. Bouvette's opinion, but contends that any deficiency in the administrative law judge's articulation of her treatment of the opinion was harmless. Id. at 8.

In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An administrative law judge must give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." Id. (internal quotation marks omitted). Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416. 927."[2] Id. (internal quotation marks omitted). After considering the requisite factors, the

---

[2] Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician

administrative law judge must "give good reasons" for the weight ultimately assigned to the opinion. 20 C.F.R. § 404.1527(d)(2). "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (internal quotation marks omitted). The Tenth Circuit Court of Appeals has made it clear that an administrative law judge's failure to delineate her findings regarding the weight given to medical opinions from treating sources is grounds for remand because, without these findings, the decision cannot be properly reviewed. See id. at 1300; Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004) (holding that because the administrative law judge failed to explain or identify claimed inconsistencies, reasons for rejecting that opinion were not "sufficiently specific" to enable meaningful review). An administrative law judge "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) (quotation and emphasis omitted).

The medical records show Plaintiff sustained a work-related injury that eventually required a decompression laminotomy diskectomy at L5-S1 in June 2002. Tr. 141-42, 196-97. During the surgery, Plaintiff's dura was torn and sealed with DuoDerm. Tr. 196. Plaintiff continued to experience problems with back and bilateral leg pain, and left chronic active S1 radiculopathy was demonstrated by EMG and nerve conduction testing in November 2002. Tr. 132-33, 330-33. Plaintiff's treating physicians suspected a pseudomeningocele; thus, she underwent explorative lumbar spine surgery in January

---

is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.

2003. During the surgery, a cyst was discovered below Plaintiff's skin, but no evidence of spinal fluid leakage or an active pseudomeningocele was present. However, dense scarring at L5-S1 was discovered. Tr. 179-81. Thereafter Plaintiff was referred for physical therapy, but could not tolerate the exercises and instead began seeing Dr. Kimberly Bouvette, a Board Certified Physical Medicine and Rehabilitation specialist, for back and bilateral lower extremity pain. Tr. 164, 171-73, 385-87.

When Plaintiff began seeing Dr. Bouvette in March 2003, she reported experiencing severe pain in her low back in the left lower extremity. She complained of numbness in the left posterior thigh, calf, and heel, accompanied by a very intense burning sensation in her left heel. Plaintiff had been using a cane to ambulate due to weakness in her left foot, and stated that her pain increases with any movement. She also indicated she must frequently change positions to obtain relief, and suffered undesirable side effects from her medications. Tr. 385-86. A physical examination confirmed the existence of tenderness and a limited range of motion in Plaintiff's musculoskeletal system, Plaintiff's inability to walk on her left heel, motor weaknesses, and decreased senses and reflexes. Tr. 386-87. Dr. Bouvette prescribed several medications, recommended a course of therapy, and placed Plaintiff on total temporary disability work status. Tr. 387.

Over the next ten months Dr. Bouvette attempted to treat Plaintiff with various therapies, but Plaintiff continued to generally rate her pain as moderate to severe. Tr. 364-87. After exhausting possible therapeutic remedies, on January 7, 2004, Dr. Bouvette assessed long term work restrictions of no more than "four hours of work per day with

limitations of 10 pounds pushing, pulling, lifting, or carrying . . . should not lift from the floor level . . . must have a part time sitting job of 30 minutes per hour, and must then lie or stand for 10 minutes," and released Plaintiff from her care. Tr. 365, 368.

In August 2003, a medical consultant reviewed Plaintiff's records and determined she could occasionally lift or carry ten pounds, frequently lift or carry five to ten pounds, stand or walk with normal breaks for a total of two hours in an eight hour work day, sit with normal breaks for about six hours in an eight hour workday, and she was unlimited in push/pull motions. Tr. 296. The medical consultant also assessed occasional stooping. Tr. 297. She concluded her findings differed significantly from Dr. Bouvette's, and explained the basis for her differing opinion with an explanation that Plaintiff did not follow up with a pain doctor as Dr. Bouvette recommended and she stated she based her residual functional capacity assessment on examinations and Plaintiff's activities of daily living. Tr. 301.

While Plaintiff was under Dr. Bouvette's care, she also saw Dr. Mike Carl once in September 2003 for a court-ordered medical examination in conjunction with her workers' compensation claim. Tr. 375, 398-400. Dr. Carl's examination revealed a limited range of lumbar spine motion, tenderness to palpation in the bilateral lower lumbar regions as well as bilateral hips, and positive straight leg testing for low back discomfort bilaterally. Tr. 399. Dr. Carl released Plaintiff to work "light duty with no lifting, pushing or pulling more than ten pounds with no repetitive bending or stooping. Tr. 400.

Subsequently in December 2003, another medical consultant completed a residual functional capacity assessment in which he concluded that Plaintiff could occasionally lift or carry ten pounds, frequently lift or carry five to ten pounds, stand or walk with normal breaks for a total of two hours in an eight hour work day, sit with normal breaks for about six hours in an eight hour workday, and that she had unlimited ability to push/pull. Tr. 336. The medical examiner noted that his residual functional capacity assessment was consistent with Dr. Carl's. Tr. 337.

The administrative law judge determined that from September 5, 2003, to the date of the decision, Plaintiff retained the residual functional capacity to perform sedentary work with postural limitations "and [she] generally agrees with the opinions of the State Agency medical consultants." Tr. 26. Based upon Dr. Carl's examination, she stated that medical improvement occurred on September 5, 2003, and as of that date, Plaintiff could perform a wide range of sedentary work, diminished by limitations of occasional stooping and frequent climbing, balancing, kneeling, crouching, and crawling. Tr. 27-28. She further concluded Plaintiff "must be afforded the opportunity to intermittently change sitting/standing positions in the work area when performing job tasks. She uses a cane in the right non-dominant hand to ambulate. She must be able to use her dorsal stimulator."[3] Tr. 28.

Thus, the administrative law judge either rejected Dr. Bouvette's opinion that Plaintiff could work no more than four hours per day, or she overlooked it, as her finding

---

[3] Plaintiff's medical records indicate she was ruled out as a candidate for a dorsal stimulator in January 2004, and do not show that her condition improved enough to enable her to use one. Tr. 364-65, 392-97. However, Plaintiff testified she has a dorsal column stimulator and that it helps her. Tr. 454.

9

that Plaintiff could perform a wide range of sedentary work indicates a conclusion that Plaintiff can "on a regular and continuing basis" perform sedentary work. See 20 C.F.R. § 404.1545(b); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). A "regular and continuing basis" means "8 hours a day, 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

As Dr. Bouvette is a treating physician providing a "medical opinion" concerning what Plaintiff could "do despite impairment(s), and [her] physical . . . restrictions," the decision should reflect the administrative law judge's consideration of whether to give Dr. Bouvette's opinion "controlling weight." See Watkins, 350 F.3d at 1300. Such an analysis entails consideration of both whether the medical opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." Id. If the administrative law judge concludes that the opinion is not entitled to controlling weight, then the decision must show consideration of the multitude of factors set forth in 20 C.F.R. § 404.1527, and "give good reasons" for the weight the opinion is ultimately assigned. Id. If the administrative law judge rejects an opinion outright, she must "give specific, legitimate reasons for doing so." Id. at 1301.

It is impossible to tell from the decision what weight the administrative law judge gave Dr. Bouvette's opinion concerning Plaintiff's ability to work "on a regular and continuing basis," or whether she simply overlooked the opinion. In the decision, there is no mention whatsoever of Dr. Bouvette's long-term work restriction to no more than four hours of work per day. See Tr. 27-29. The administrative law judge clearly

considered Dr. Bouvette's other opinions and findings since she discussed them in depth in other portions of the decision, particularly insofar as they applied to finding Plaintiff disabled until September 5, 2003.  See Tr. 24-25.  Indeed, the administrative law judge even discussed some of Dr. Bouvette's findings from the January 7, 2004, appointment where she assessed Plaintiff's long-term work abilities.  Tr. 27.  But at no point does the administrative law judge mention Dr. Bouvette's conclusion that Plaintiff could work no more than four hours per day.  The failure to include any discussion of Dr. Bouvette's opinion concerning Plaintiff's work abilities is reversible error because the absence of such a discussion makes it impossible to tell whether the administrative law judge undertook a proper analysis of the weight to be given Dr. Bouvette's opinion.  Watkins, 350 F.3d at 1300; Langley, 373 F.3d at 1123; see also Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996) (explaining that administrative law judge is required to discuss "significantly probative evidence he rejects.").

Moreover, the decision is deficient because if the administrative law judge rejects a treating source's opinion, the decision must still show that the administrative law judge accorded the opinion some deference and "weighed [the opinion] using all of the factors provided in 20 C.F.R. § 404.1527 and 416. 927."  Watkins, 350 F.3d at 1300.  The decision contains no indication that the administrative law judge, at any point, considered whether to give Dr. Bouvette's opinion some lesser weight.  Accordingly, the decision must be reversed and remanded for a proper consideration of the weight to be given Dr. Bouvette's medical opinion concerning Plaintiff's remaining work ability.

11

The Commissioner concedes that the administrative law judge "did not explicitly weigh and reject" Dr. Bouvette's opinion concerning Plaintiff's work abilities and "could have 'more meticulously' weighed" it.  Response Brief, pp. 6, 8.  Nevertheless, citing Causey v. Barnhart, No. 03-7131, 109 Fed. Appx. 375, 378 (10th Cir. Sept. 23, 2004),[4] the Commissioner encourages the Court to affirm the decision because it implicitly shows the administrative law judge gave little weight to Dr. Bouvette's opinion.  Id.  In Causey, the Court of Appeals noted that the administrative law judge discussed information relevant to the factors that must be weighed in deciding how much weight to give to a treating physician's opinion, "albeit in an abbreviated and scattered fashion."  Causey, 109 Fed. Appx. at 378.  The treating physician opinion at issue was a mere "check-mark agreement to a statement that plaintiff was 'required to lie down during the normal workday to manage pain,'" and the treating physician failed to follow instructions on the check-mark form to briefly set forth objective findings substantiating his conclusion.  Id. at 377.  The Court of Appeals noted that the administrative law judge determined that the record did not support the treating physician's conclusion that the claimant would need to lie down during the workday.   In contrast here, the opinion at issue is more than a check-the-box conclusion, the decision does not show the administrative law judge considered the factors in 20 C.F.R. § 404.1527, and it is arguable that Dr. Bouvette's opinion is supported by her medical findings.  Thus, the situation here is distinguishable from Causey.

---

[4]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

The Commissioner also contends that the decision should be affirmed because the administrative law judge made a blanket statement that she considered the entire record, and when an administrative law judge so states, a reviewing court may not assume otherwise. Response Brief, p. 5. This argument is unavailing because the Commissioner's regulations along with published case law impose specific requirements on an administrative law judge to not only *consider* treating sources' medical opinions, but to *discuss* in the decision factors relevant to the weight given a treating source's medical opinion if it is not given controlling weight, link those findings to specific facts, and "give good reasons" for the conclusion. Watkins, 350 F.3d at 1300; Langley, 373 F.3d at 1123. Moreover, "a general disclaimer is not a substitute for the [administrative law judge's] obligation to give careful consideration to all the relevant evidence and to expressly link his findings to specific evidence." Cox v. Apfel, No. 98-5203, 1999 WL 820215, at *3 n.2 (10th Cir. Oct. 14, 1999) (citing Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)).

Finally, the error here is not, as the Commissioner contends, subject to a harmless error analysis. See Response Brief, p. 8. Harmless error analysis is only available to supply a missing dispositive finding in the "right exceptional circumstance" where "based on material the [administrative law judge] did at least consider (just not properly), [a court can] confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). As noted earlier, there is contradicting evidence concerning Plaintiff's ability to work a full eight hour work day, and, in addition

to not discussing her dispositive findings, the administrative law judge failed to engage in the requisite analysis to enable the review to determine how she came to her conclusions. Therefore, harmless error analysis is inappropriate.

Plaintiff's sole issue raised for judicial review is meritorious and necessitates a remand of the action for the administrative law judge to consider Dr. Bouvette's opinion concerning Plaintiff's remaining work abilities under the applicable regulations.

### **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed, and the matter be remanded for further proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by April 21, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 1st day of April, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE